THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ANTHONY COLORA, PLAINTIFF IN ERROR.

Argued February 15, 1921—Decided June 10, 1921.

The defendant was indicted for violation of the sixty-sixth section of the Crimes act by selling intoxicating liquors without having been granted a license for that purpose. He entered a plea of guilty and then moved in arrest of judgment on the ground that the indictment did not charge a crime because as no license could be granted to sell intoxicating liquors which would be protective under the section mentioned it became nugatory, and the selling which it forbids is no longer a crime. *Held*, that when the offence charged was committed, selling intoxicating liquors without a license was a crime without regard to the reason why the violator could not obtain a license to sell.

On error to the Middlesex Oyer and Terminer.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the state, *Joseph E. Stricker*.

For the plaintiff in error, *Edmund A. Hayes*.

The opinion of the court was delivered by

BERGEN, J.   The defendant plead guilty to an indictment for selling intoxicating liquors without a license in violation of section 66 of the Crimes act, and moved in arrest of judgment upon the ground that the indictment did not charge a crime, in that section 66 above referred to had been abrogated by the eighteenth amendment to the constitution of the United States and the federal statute enacted to enforce it. The fallacy in appellant's argument is that section 66 has nothing to do with the granting of licenses, and its only effect is to forbid sales without a license, and if none can be obtained for any reason whatever, that does not abrogate the law forbidding sales without it.   The act of 1888 (*Pamph. L., p.* 142) forbids the sale of liquor without a license and then provided that if by a majority vote any county should declare against the sale of intoxicating liquors, "no license" should be granted to any person to keep an inn or tavern, or to sell intoxicating liquors.   The constitutionality of that act was approved by the Court of Errors and Appeals in *Paul* v. *Gloucesler County,* 50 *N. J. L.* 585.   The argument of the appellant leads to the absurd conclusion that if any county adopted the option, under the act of 1888, forbidding the sale of liquors and consequently the granting of licenses to sell intoxicating liquors, that part of the act prohibiting such sales was abrogated, because no license could be granted, and, therefore, no one in such county could violate the law against the sales of liquor if he should sell the same without restriction and without a license, producing a situation beyond the wildest dream of the most ardent anti-local optionist.   The motion to arrest was properly denied and the judgment will be affirmed, with costs.

There were four other cases submitted on the same argument, viz.: State *v.* Webber, State *v.* Intervartolo, State *v.* Colura and State *v.* Fierenza. The reasons given above for affirmance are applicable to the cases last named and the judgments of conviction in each of them will be affirmed, with costs.